1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

8
9
10

THERESA SHORTMAN, individually and as the representative of a class of similarly-situated persons,

**Case No.: 20-5410**

11
12

Plaintiff,

**COMPLAINT—CLASS ACTION**

13

v.

**DEMAND FOR JURY TRIAL**

14

PRESS GANEY ASSOCIATES LLC, an Indiana limited liability company,

15
16

Defendant.

17
18
19
20

Plaintiff Theresa Shortman ("Plaintiff"), individually and on behalf of all others similarly

21

situated, brings this Class Action Complaint (the "Complaint") against Defendant, Press Ganey

22

Associates LLC, ("Defendant"), and alleges, upon personal knowledge as to her own conduct,

23

and upon information and belief as to the conduct of others, as follows:

24

**INTRODUCTION**

25

1.     Plaintiff brings this Complaint against Defendant to secure redress because

26

Defendant willfully violated the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.*

27

COMPLAINT—CLASS ACTION - 1
CASE NO. 20-5410

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

("TCPA" or "Act") and invaded Plaintiff's privacy by causing an unsolicited text message to be made to Plaintiff's and other class members' cellular telephones through the use of an auto-dialer, without prior written express consent.

2.     The Defendant sent at least one unauthorized text message to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") for the purpose of soliciting business from Plaintiff.  The Act states an "'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)-(B).

3.     The TCPA was enacted to protect consumers from unsolicited telephone calls and unsolicited messages exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all sending unsolicited text messages to consumers, and an award of statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, prejudgment interest, and treble damages (for knowing and/or willful violations).

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this action arises under the TCPA, a federal statute.

5.     The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in this District.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 because this case involves federal questions.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in this District.

## PARTIES

8.     Plaintiff, Theresa Shortman, is a citizen of Washington.

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

9.      Defendant, Press Ganey Associates LLC, is an Indiana limited liability company with its principal place of business in South Bend, Indiana.

10.     Whenever in this Complaint it is alleged that Defendant committed any act or omission it is meant that Defendant's members, managers, employees, and/or agents committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's members, managers, employees, and agents.

**LEGAL BASIS FOR THE CLAIMS**

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy...." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

12.     Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, and SMS text messages. It also specifies several technical requirements for autodialers and voice messaging systems - principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

13.     All ATDS calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

14.     As of October 16, 2013, unless the recipient has given <u>prior express</u> <u>written consent</u>, the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

    a.   Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

COMPLAINT—CLASS ACTION - 3
CASE NO. 20-5410

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

b. Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

c. Prohibit solicitations to residences that use an artificial voice or a recording.

d. Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

e. Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone, or any service for which the recipient is charged for the call.

15. Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

16. An entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity making the call on its behalf.

## COMMON FACTUAL ALLEGATIONS

17. Unfortunately for consumers, Defendant utilized (and continues to utilize) a sophisticated telephone dialing system to send text messages to individuals *en masse* promoting its services. On information and belief, Defendant obtained these telephone numbers (i.e., leads) by purchasing marketing lists containing consumers' telephone numbers.

18. In Defendant's overzealous attempt to market its services, it sends (and continues to send) text messages to consumers who never provided consent and to consumers having no relationship with Defendant. Defendant knowingly sent (and continues to send) this text message

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1  without the prior express written consent of the text recipients. As such, Defendant not only

2  invaded the personal privacy of Plaintiff and members of the Class, but also intentionally and

3  repeatedly violated the TCPA.

4         19.    On or about December 27, 2019, Defendant sent Plaintiff a text message on her

5  cellular telephone number via ATDS, as defined by 47 U.S.C. § 227(a)(l) without first obtaining

6  Plaintiff's written consent.

7         20.    Plaintiff is the exclusive user of the cellular telephone that Defendant sent the text

8  message to.

9         21.    Defendant's text message to Plaintiff constituted a call that was not for emergency

10  purposes as defined by 47 U.S.C. § 227(b)(l)(A)(i).

11         22.    Plaintiff did not provide Defendant with prior express written consent to receive

12  text messages to her cellular telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(A).

13         23.    Defendant's text message which utilized an ATDS invaded Plaintiff's privacy and

14  violated 47 U.S.C. § 227(b)(1).

15         24.    Plaintiff has reason to believe Defendant has sent, and continues to send, calls to

16  thousands of wireless telephone consumers to market its services without consent required by the

17  TCPA.

18         25.    In order to redress injuries caused by Defendant's violations of the TCPA,

19  Plaintiff, on behalf of herself and a class of similarly situated individuals, brings suit under the

20  TCPA, 47 U.S.C. § 227, et seq., which prohibits certain unsolicited text calls to cell phones.

21         26.    On behalf of Plaintiff and the Class, Plaintiff seeks an injunction requiring

22  Defendant to cease all wireless telemarketing activities and an award of statutory damages to the

23  Class members, together with prejudgment interests, and costs.

24

25

26

27

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## CLASS ACTION ALLEGATIONS

### COUNT I
### VIOLATONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 FOR THE USE OF AN ATDS

27.    Plaintiff restates, re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

28.    Defendant sent unsolicited and unauthorized text messages using an ATDS to Plaintiff's and the Class members' cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Class.

29.    Plaintiff sent the text messages without obtaining prior express written consent from Plaintiff and the Class.

30.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

31.    Defendant's conduct invaded Plaintiff's privacy.

32.    As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

33.    Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned telephone solicitations, and Defendant knowingly and intentionally made the telephone solicitations to Plaintiff, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the Class.

34.    Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

35.    Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of:

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

All persons in the United States who received a text message sent by or on behalf of Defendant to the individual's cellular telephone through the use of an automatic telephone dialing system, or any other device having the capacity to dial numbers without human intervention, from four years prior to the date of filing of this Complaint until the date Defendant's conduct ceases, where the text message(s) were sent without prior express written consent from the recipient to make such call.

Excluded from the class are employees and agents of Defendant as well as members of the judiciary.

36.     Plaintiff reserves the right to modify the class definition as the contours and parameters of the class become apparent through discovery in this matter.

37.     Plaintiff and the Class members were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; and Plaintiff and Class members' privacy was invaded.

38.     The exact size of the Class is presently unknown but can be ascertained through a review of Defendant's records or those records of vendors hired by Defendant to send the texts messages, and it is clear that individual joinder is impracticable. On information and belief Defendant made telephone calls to thousands of consumers who fall within the definition of the Class.

39.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

40.     Common questions for the Class include, without limitation:

a.     Whether Defendant's conduct violated the TCPA;

b.     Whether Defendant systematically sent text messages to consumers who did not previously provide Defendant and/or its agents with prior express written consent to receive such text messages;

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

c.      Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

d.      Whether Defendant systematically sent text messages to consumers using any automatic dialing system to any telephone number assigned to a cellular phone service without prior express written consent of the called party; and

e.      Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

41.     Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

42.     Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions.

43.     Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

44.     This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making an award of damages and final injunctive relief appropriate with respect to the Class as a whole.

45.     Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

46.     This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

47.     The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

48.     Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

49.     Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

50.     By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## COUNT II
## UNSOLICITED TEXT MESSAGES

51.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

52.     On or about December 27, 2019, Plaintiff received a text messages ("Text") on her cellular telephone stating "The Care Team at MultiCare Health System values your feedback. Please take a short survey.  https://pgsms.co/h6v6x3y3hf3n5k5g."  A true and correct copy of the screen shot of the Text is attached hereto as Exhibit A.

53.     Plaintiff is informed and believes, upon such information and belief avers, that Defendant sent text messages to consumers *en masse*.

54.     The texts are advertisements of Defendant's services containing automated content.

55.     On information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, the Text to Plaintiff's cellular telephone using an automatic telephone

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

dialing system as defined by 47 U.S.C. § 227(b)(1)(A) and the FCC. Defendant's system placed the Text to Plaintiff automatically, using a list or database of telephone numbers, and dialing without human intervention.

56.   Plaintiff never requested, desired, permitted, or otherwise provided her prior express consent to Defendant to send or transmit the Text or any other texts to her cellular telephone.

57.   Plaintiff never provided her prior express written consent to Defendant to send or transmit the Text or any other advertisements or telemarketing to her cellular telephone.

58.   As a result of receiving the Text, Plaintiff wasted data storage capacity, suffered the nuisance, waste of time, and aggravation that accompanies receipt of such unauthorized advertisements, and was subjected to an intrusion upon seclusion and invasion of privacy.

59.   On information and belief, Defendant sent the Text, or substantially similar text messages, *en masse* to a list of thousands of randomly generated cellular telephone numbers using an automatic telephone dialing system.

60.   On information and belief, Defendant sent text messages to the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers without human intervention.

61.   On information and belief, the Class members did not provide Defendant with prior express written consent to receive such text messages and, as a result, incurred expenses to their wireless services, wasted data storage capacity, suffered the aggravation that accompanies receipt of such unauthorized advertisements, and were subjected to an intrusion upon seclusion.

62.   Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this class action on behalf of the following Class:

> All persons or entities who, within the four years prior to the filing of the instant Complaint, received a non-emergency, unauthorized text message to their cellular telephones from Defendant through the use of an automatic dialing system and who did not provide prior express consent and/or prior express written consent to receive such text messages.

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

Excluded from the Class are the Defendant and its employees, agents and members of the Judiciary.

63.     Plaintiff reserves the right to amend the class definition as discovery reveals the shape and contours of the class.

64.     The exact size of the Class is presently unknown but can be identified through a review of Defendant's records and records of Defendant's vendors and it is clear that individual joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of Class members is at least forty (40) based on Defendant's use of automated text message content.

65.     Plaintiff's claims are typical of the claims of all Class members. Plaintiff received the same or substantially similar unsolicited text message as the other Class members sent by or on behalf of Defendant advertising goods and services of the Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all Class members based upon the same federal statute.

66.     Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

67.     Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

      a.   Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

      b.   Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

c. Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class members;

d. The amount likely to be recovered by individual Class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

e. The case is inherently manageable as a class action in that:

    i. Defendant identified persons or entities to receive the unauthorized text messages and Defendant's computer and business records will likely enable Plaintiff to readily identify class members and establish liability and damages;

    ii. Liability and damages can be established for Plaintiff and the Class with the same common proofs;

    iii. Statutory damages are provided for in the statute and are the same for all Class members and can be calculated in the same or a similar manner;

    iv. A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

    v. A class action will contribute to uniformity of decisions concerning Defendant's practices; and

    vi. As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

68.    The text Defendant sent Plaintiff is an advertisement as defined by 47 C.F.R. § 64.1200(f)(1) because they promote Defendant's services.

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

69.     Defendant and/or its agents sent the Text, or substantially similar unsolicited automated text messages to the cellular telephone number of Plaintiff and the other Class members *en masse* without their prior express consent and prior express written consent.

70.     Defendant sent the text messages, or had them sent on its behalf, using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

71.     Defendant utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

72.     By sending the unsolicited text messages to Plaintiff and the Class, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Theresa Shortman, individually and on behalf of the Class, respectfully requests the following relief against Defendant, Press Ganey Associates, LLC:

    a.   An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Anderson + Wanca as lead Class Counsel;

    b.   An award of statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.   An award of statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 C.F.R. § 64.1200;

    d.   Injunctive relief prohibiting the Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A); and

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1          e.   For such other and further relief as the Court deems necessary, just, and

2              proper.

3                                        Respectfully submitted,

4                                        THERESA SHORTMAN, individually and
5                                        as the representative of a class of similarly-
                                         situated persons
6
                                         By:  *s/ Walter Smith*
7

8                                        Walter Smith
                                         SMITH & DIETRICH LAW OFFICES, PLLC
9                                        3905 Martin Way East, Suite F
                                         Olympia, WA  98506
10                                       Telephone:  360-915-6952
                                         walter@smithdietrich.com
11
                                         *Local Counsel for Plaintiff*
12

13                                       RYAN M. KELLY *(pro hac vice to be*
                                         *submitted)*
14                                       ANDERSON + WANCA
                                         3701 Algonquin Rd., Suite 500
15                                       Rolling Meadows, IL  60008
                                         Telephone: 847-368-1500
16                                       Facsimile:  847-368-1501
                                         rkelly@andersonwanca.com
17
                                         *Counsel for Plaintiff*
18

19

20

21

22

23

24

25

26

27

COMPLAINT—CLASS ACTION - 14
CASE NO. 20-5410

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952